UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHADWICK PATTERSON, | ) | CASE NO. 5:18-cv-1349 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| JUDGE JOHN HAAS, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This action is before the Court on the complaint of *pro se* plaintiff Chadwick Patterson ("Patterson") against defendants Judge John Haas ("Judge Haas"), John Ferrero ("Ferrero"), Kristen Mlinar ("Mlinar"), Tammie Johnson ("Johnson"), and April Bible ("Bible") (collectively "defendants"). Patterson identifies Ferrero and Mlinar as Stark County prosecutors, and Johnson and Bible as Stark County public defenders. (Doc. 1 ("Compl.") at 2-3.[1]) Defendants are sued in their individual and official capacities. (*Id.*)

For the reasons that follow, this case is dismissed.

## I. Background

Patterson brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his rights under the Fourteenth, Fifth, and Sixth Amendments to the United States Constitution by depriving him of a fair trial in the Stark County Court of Common Pleas. (*Id.* at 3-4.) Patterson was indicted for rape and other offenses in October 2016, and he was convicted

---
[1] Page number references are to the page identification numbers generated by the Court's electronic filing system.

by a jury in Stark County Criminal Case No. 2016CR1713 ("Criminal Case"). Patterson appealed, arguing among other assignments of error that Judge Haas erred by admitting evidence that Patterson previously committed sexual assault. The Ohio Fifth District Court of Appeals agreed and remanded the case for a new trial. *See State v. Patterson*, No. 2017 CA00022, 2017 WL 6343611, at *7 (Ohio Ct. App. Dec. 11, 2017). According to the public docket in the Criminal Case, after remand, Patterson pleaded guilty to an amended indictment and was sentenced on September 10, 2018.[2]

Patterson alleges that Judge Haas and Stark County prosecutor Mlinar acted unlawfully with respect to the admission of prejudicial evidence in the Criminal Case, and Stark County public defender Bible, who represented Patterson at trial, allowed it to happen. (Compl. at 4.) Patterson claims that because of defendants' unlawful conduct, he has been incarcerated in violation of his constitutional rights and seeks $5 million dollars in actual damages and $1 million dollars in punitive damages. (*Id.* at 5.)

## II. Standard of Review

*Pro se* pleadings must be liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam). That said, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

---

[2] The Court may take judicial notice of publicly accessible dockets because such records are generally considered not to be subject to reasonable dispute. *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 454 (N.D. Ohio 2012) (citations omitted).

A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564.

### III. Discussion

Patterson's § 1983 claim for unlawful incarceration in violation of his constitutional rights challenges the validity of his confinement. A prisoner does not state a cognizable claim under § 1983 if a ruling in his favor would necessarily render his sentence or conviction invalid. In order to bring a cognizable § 1983 claim, a prisoner must first establish that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

This case was filed before Patterson pleaded guilty to an amended indictment after the Fifth District Court of Appeals vacated the conviction and sentence resulting from his jury trial. It appears, therefore, that this § 1983 action challenges his original sentence and conviction, which was reversed on appeal. In that case, Patterson's challenge to his original conviction and

sentence is cognizable under § 1983. This case is nevertheless subject to dismissal pursuant to § 1915(e)(2)(B).

Judge Haas is absolutely immune from suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (collecting cases). This immunity is not overcome by allegations that the judge acted in bad faith or with malice. *Id*. at 11 (citations omitted). Judicial immunity may only be overcome where the alleged conduct is performed (1) at a time the defendant is not acting as a judge, or (2) in the complete absence of jurisdiction. *Id*. at 11-12 (citations omitted). Nothing in the complaint suggests that the conduct of Judge Haas at issue here was taken outside of his capacity as the presiding judge in the Criminal Case, or that he lacked jurisdiction over the Criminal Case. Judge Haas is absolutely immune from suit and is dismissed from this action pursuant to § 1915(e).

Prosecutors are also immune from suit under § 1983 for actions taken within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). Patterson does not allege any specific facts against Ferrero, but may be suggesting it was Ferrero who obtained the indictment against him in the Criminal Case. Patterson alleges that Mlinar represented the state at his trial in the Criminal Case. These actions were taken by Ferrero and Mlinar in connection with their prosecutorial duties, and they are entitled to immunity. *See id*. at 424-28; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002) ("The Supreme Court has held that a prosecutor is entitled to absolute immunity in connection with his duties in functioning as a prosecutor[.]") (citation omitted). Defendants Mlinar and Ferrero are immune from suit and are dismissed from this action pursuant to § 1915(e).

Lastly, in order to state a claim under § 1983, Patterson must show that a person acting under color of state law deprived him of rights secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (collecting cases). "[P]ublic defenders are not state actors against whom claims can be asserted under § 1983." *West v. Lambert*, 3 F. App'x 440, 441 (6th Cir. 2001) (citing *Polk County v. Dodson,* 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Flagg Bros. v. Brooks,* 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978); *Catz v. Chalker,* 142 F.3d 279, 289 (6th Cir. 1998)). Stark County public defenders appointed by the court to represent Patterson in the Criminal Case are not persons acting under color of state law within the meaning of § 1983. Accordingly, Bible and Johnson[3] are dismissed from this action pursuant to § 1915(e).

Patterson's official capacity claims against defendants are also dismissed. Patterson's official capacity claims are essentially claims against Stark County. *See Leach v. Shelby Cty*., 891 F.2d 1241, 1245-46 (6th Cir. 1989). The issue, therefore, is whether there was a policy or custom attributable to Stark County that caused the alleged unconstitutional conduct. *See id*. at 1245 (citing *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)). There are no allegations in the complaint concerning any conduct or policy of Stark County with respect to the defendants' alleged unconstitutional conduct. Patterson fails to state a plausible

---

[3] Johnson is dismissed from this action for the additional reason that while she is named by Patterson as a defendant, he fails to assert any factual allegations against her. "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros.,* 436 U.S. at 155-57). Moreover, to the extent that Patterson's allegations against Johnson are based upon supervisory responsibility, *respondeat superior* is not a basis for liability under § 1983, and the liability of a supervisor cannot be based solely upon the right to control employees or simple awareness of an employee's alleged misconduct. *Vos v. Cordray*, 719 F. Supp. 2d 832, 842 (N.D. Ohio 2010) (citing *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied,* 469 U.S. 845, 105 S. Ct. 156, 83 L. Ed. 2d 93 (1984)).

official capacity claim against any defendant and those claims are dismissed pursuant to § 1915(e).

Having determined that Patterson's federal claims must be dismissed, and finding no other basis for subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over any state law claim that Patterson may also be attempting to assert. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.") (citing 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).

### III. Conclusion

For the foregoing reasons, Patterson fails to state a § 1983 claim upon which relief can be granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 26, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**